IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Linda Nichols, | ) | |
|---|---|---|
| | ) | C/A No. 4:17-01621-RBH-KDW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Report and Recommendation |
| Dr. Aleena Sabzwari; Little River Dental Center; and the United States of America, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed this action in state court bringing a common-law cause of action against Defendants for damages she allegedly sustained as a result of teeth that were extracted during an April 3, 2017 dental appointment. Comp., ECF No. 1-1; Horry Cnty. Magistrate's Court No. 2017-CV-261030363. Defendant United States of America ("USA") removed this action on June 21, 2017, on grounds that this court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), 1446, and 42 U.S.C. § 233(c). 28 U.S.C. § 1442(a)(1) provides for removal of a civil action commenced in a State court against "[a]ny officer of the United States, for or relating to any act under color of office or in the performance of his duties. . . ." Notice of Removal, ECF No. 1. In the Removal Notice, Defendant USA represents that Dr. Aleena Sabzwari is employed as a dentist at the Little River Dental Center and is an agent or employee of the USA. *Id.* at 2. Further, Defendant USA represents that the Dental Center is an entity covered under 42 U.S.C. § 233 because it receives grant money from the United States Public Health Services. *Id.* Defendant USA represents that "the exclusive remedy for negligence claims against a health care center under the Federally Supported Heath Centers Assistance Act is against the United States of America pursuant to the Federal Tort Claims Act ["FTCA"]." *Id.* at ¶ 5.

I. Background

After this case was removed, Plaintiff amended her Complaint. ECF No. 18. There, she alleged the following, verbatim, allegations took place under her "Statement of Claim" section:

1. Failure to obtain informed consent prior to performing a dental procedure.
   The defendant negligently broke a tooth off from the root while extracting the tooth, then performed a dental procedure in an infected area that included shaving down the plaintiff's jaw bone to expose the root left in after the extraction of a healthy tooth. A competent dentist would obtain permission prior to performing a dental procedure that consist of sawing into a patient's jaw bone.
   Her failure to obtain consent from the plaintiff to shave the bone was a clear deviation from the dental standard of care in the community. The deviation from the standard of care caused the plaintiff damages that consist of unnecessarily suffered pain and discomfort and additional emergency treatment and cost.
2. Indicated dental procedure was not performed
   The plaintiff relied on the defendant to make a professional decision of the best treatment available to save her teeth. The defendant led the plaintiff to believe that extraction was the only treatment available. The defendant failed to recommend any dental procedure to save the teeth.
   Her failure to indicate a dental procedure to save the teeth was a clear deviation from the dental standard of care in the community. The deviation from the standard of care caused the plaintiff damages that consist of unnecessarily suffered pain and discomfort and additional emergency treatment and cost.
3. Contraindicated dental procedure was performed
   The defendant performed a contraindication procedure by removing healthy teeth and neglecting to perform the correct procedures to treat the teeth. One tooth had a small cavity, and the other tooth had no signs of decay. The defendant tested both teeth to heat and cold. Both teeth were strong and not sensitive to heat or cold. A competent dentist would have not extracted a healthy tooth.
   Her failure to recommend procedures to save the teeth was a clear deviation from the dental standard of care in the community. The deviation from the standard of care caused the plaintiff damages that consist of unnecessarily suffered pain and discomfort and additional emergency treatment and cost.
4. Wrongfully administered pain relief
   The defendant improperly provided enough pain relief to numb the gum area before extraction. The defendant willfully continued to extract tooth after the plaintiff complained of pain. A competent dentist would have ensured that the patient had some level of comfort from pain before proceeding to extract the tooth.

Her failure to provide pain relief was a clear deviation from the dental standard of care in the community. The deviation from the standard of care caused the plaintiff damages that consist of unnecessarily suffered pain and discomfort and additional emergency treatment.

5. Mistreated Infection
   After x-ray and examination, the defendant found a small infected area between 2 teeth and proceeded to recommend extraction of both teeth. The defendant used a saw in an infected area to shave the jaw bone to expose the broken off root and failed to close the area with stitches. A competent dentist would not have used a saw in an infected area. A competent dentist would take x-rays to locate the broken off root, manage the pain for the patient, extract the root and stitched the opened area instead of leaving the area open to avoid infection in the patient's blood stream.
   Her failure to do so was a clear deviation from the dental standard of care in the community. The deviation from the standard of care caused the plaintiff damages that consist of the spread of the infection and unnecessarily suffered pain and discomfort from a dry socket and additional emergency treatment and costs.

6. Unwarranted delay in treatment
   The defendant referred the plaintiff to a dental surgeon 30 miles away and failed to make an emergency appointment after she negligently broke the tooth off and left the root intact. The defendant shaved the jaw bone down to expose the root, then left the area open and vulnerable to infection. A competent dentist would have referred the plaintiff to a more experienced dentist in the Little River Dental Center and ensured that the gum was stitched and not acceptable to infection before leaving the facility. Her failure to do so was a clear deviation from the dental standard of care in the community. The deviation from the standard of care caused the plaintiff damages that consist of the spread of the infection and unnecessarily suffered pain and discomfort from a dry socket and additional emergency treatment.

7. Misdiagnosis of a dental condition
   The defendant extracted a healthy tooth and referred the plaintiff to a surgeon in another facility for the extraction of a root left intact after the extraction. A competent dentist would have explained to the plaintiff alternative ways to save the teeth. Her failure to do so was a clear deviation from the dental standard of care in the community. The deviation from the standard of care caused the plaintiff damages that consist of the spread of the infection and unnecessarily suffered pain and discomfort from a dry socket and additional emergency treatment

8. Needless extraction of teeth
   The defendant extracted a healthy tooth and recommended extraction of a tooth with a small cavity in an otherwise healthy tooth.
   Her failure to do so was a clear deviation from the dental standard-of care in, the community. The deviation from the standard of care caused the plaintiff damages that consist of the spread of the infection and unnecessarily suffered

    pain and discomfort from a dry socket and additional emergency treatment and cost.

*Id.* As relief, Plaintiff asks the court to allow compensation for the expense of these losses plus pain and suffering. *Id.* at section IV.

  Since this case was removed, the Defendant USA moved that an Order be entered substituting the Defendant USA as the sole Defendant in place of named Defendants Dr. Aleena Sabzwari and Little River Dental Center for any acts and omissions alleged to have been committed by them in this action. ECF No. 32. Plaintiff did not respond to Defendant USA's Motion to Substitute. However, in her Amended Complaint, Plaintiff acknowledges that the Little River Dental Center was an entity covered by the Federal Supported Health Centers Assistance Act and received federal grant money at the time of her incident. ECF No. 32 at 1-2. Further, Plaintiff indicates that "[t]he exclusive remedy for negligence claims that are against the health care center under the Federally Support Health Center Assistance Act is against the United States of America pursuant to the Federal Tort Claims Act." *Id.* at 2. Additionally, Plaintiff acknowledges that Defendant Sabzwari is/was a federal employee. *Id.* As such, it appears to the court that Plaintiff does not oppose Defendant USA's Motion to Substitute. Therefore, Defendant USA's Motion, ECF No. 32, is granted pursuant to 28 U.S.C. § 2679(b)(1), and Defendants Dr. Aleena Sabwari and Little River Dental Center are dismissed as parties to this action.

  This matter is before the court on Defendant's Motion to Dismiss. ECF No. 38. As Plaintiff is proceeding pro se, on August 30, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences if she failed to adequately respond to the motion to dismiss. ECF No. 39. On September 12, 2017, Plaintiff filed a Response, *see* ECF No. 42, and on September 19, 2017,

Defendant replied, ECF No. 43. All pretrial proceedings in this case were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Because a Motion to Dismiss is dispositive, a Report and Recommendation ("R&R") is entered for the court's review. Having reviewed the pleadings, including Defendant's removal documents, and the memoranda of the parties supporting and opposing the Motion to Dismiss, the undersigned recommends Defendant's Motion to Dismiss, ECF No. 38, be *granted*.

II.     Standard of Review

Defendant has moved to dismiss this action based on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. v. U.S.*, 945 F.2d 765, 768 (1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Id.* The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiff must only plead "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In order for Plaintiff's Complaint to survive Defendant's Motion to Dismiss, Plaintiff does not need to plead

detailed factual allegations in her Complaint. *See id.* However, the United States Supreme Court has held that a plaintiff's grounds for relief requires more than just stating legal conclusions and elements of a cause of action. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that, on a motion to dismiss, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."). Plaintiff's complaint must contain sufficient factual allegations that make a claim for relief plausible, not just possible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.*, 550 U.S. at 570. This court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011).

III.     Analysis

Defendant argues the court should dismiss this Complaint for lack of subject matter jurisdiction because Plaintiff has failed to exhaust her administrative remedies prior to filing suit. ECF No. 38. Specifically, Defendant maintains that the dental treatment in question occurred on April 3, 2017, and Plaintiff never submitted a claim to the Department of Health and Human Services, "but instantly filed suit in Horry County." *Id.* at 5. Therefore, it is Defendant's position that this court lacks subject-matter jurisdiction. *Id.*

The FTCA allows litigants to sue the federal government under a limited waiver of sovereign immunity. 28 U.S.C. § 1346(b)(1). Sovereign immunity can be waived only by the sovereign; the circumstances of its waiver must be scrupulously observed and not expanded by the courts. *See United States v. Kubrick*, 444 U.S. 111, 117–18 (1979). "Precisely because the FTCA constitutes a waiver of sovereign immunity, [litigants] must file an FTCA action in careful compliance with its terms." *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). "A key jurisdictional prerequisite to filing suit under the FTCA involves the presentation

of an administrative claim to the government within two years of the incident." *See id.* (citing 28 U.S.C. § 2401(b) (1994). The pertinent provision of the FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2675(a).

"The requirement of filing an administrative claim is jurisdictional and may not be waived." *Kokotis*, 223 F.3d at 278 (citing *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986); *see also Cook v. United States*, No. 0:11-CV-00320-RMG, 2012 WL 384935, at *1 (D.S.C. Feb. 6, 2012), *aff'd*, 530 F. App'x 217 (4th Cir. 2013) ("The pertinent provision under the Act requires, *inter alia*, that Plaintiff first present his FTCA claim to the appropriate agency [and] his claim is finally denied by the agency in writing. . . ."). Further, any tort claim against the United States is "forever barred" unless the "action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); *see also* 28 C.F.R. § 14.9(a). When a plaintiff fails to follow the statutory exhaustion requirements, a federal district court lacks subject matter jurisdiction over the claim. *See Plyler v. United States*, 900 F.2d 41 (4th Cir. 1990); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). The burden of establishing subject matter jurisdiction over an FTCA claim lies with the plaintiff. *See Welch v. United States*, 409 F.3d 646, 650-51 (4th Cir. 2005).

Defendant contends that Plaintiff filed this action prematurely. Prior to filing this action, Plaintiff was required (1) to present her claim to the United States within two years of the incident, and (2) to receive a final denial of the claim or wait for the expiration of six months after the filing of the claim. *See, e.g., Ahmed v. United States*, 30 F.3d 514 (4th Cir. 1994). In support of its Motion to Dismiss, Defendant submits a Declaration of Meredith Torres, an Agency Attorney for the Department of Health and Human Services, dated June 19, 2017. ECF No. 38-1. Ms. Torres represents that she "is familiar with the official records of administrative tort claims maintained by the Department as well as with the systems by which those records are maintained." *Id.* ¶ 1. Furthermore, Ms. Torres attests: "I have caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Linda B. Nichols, or an authorized representative relating to Little River Dental Center, Inc., and Dr. Aleena Sabzwari." *Id.* ¶ 4.

In her Response to the Motion to Dismiss, Plaintiff represents she has filed a claim with the Department of Health and Human Services. *See* ECF No. 42. Specifically, Plaintiff indicates that she has filed a "special form for Federal Tort Claims SF-95, submitted with all required information, pursuant to title 28 U.S.C. 2675." *Id.* at 1. Plaintiff attaches her administrative claim as Exhibit 1 to her Response. ECF No. 42-1. It appears that Plaintiff signed her administrative claim on September 9, 2017. *See id.* Further, in her Response, Plaintiff acknowledges that her "claim has not been finally denied by the Department of Health and Human Services in writing as required within six month after it is filed." *Id.*

In Reply, Defendant argues that "[a]s of May 2017, at the time of filing the instant Complaint, Plaintiff had not filed a SF-95 pertaining to the allegations of this suit, and thus, failed to exhaust her administrative remedies." ECF No. 43 at 2. Further, Defendant maintains

that Plaintiff's claim form indicates by its September 9, 2017 signature date that "Plaintiff did not file her claim prior to filing the instant Complaint." *Id.* Therefore, Defendant argues that Plaintiff cannot meet her burden of demonstrating that this court has subject-matter jurisdiction over this case. *Id.*

Evidence indicates that Plaintiff has met the first prerequisite to suit because she has presented her claim to the Department of Health and Human Services within two years of the April 3, 2017 dental appointment. *See* ECF No. 42-1. However, undisputed evidence indicates that Plaintiff has not met the second prerequisite to suit because she has not received a "final denial of the claim [n]or wait[ed] for the expiration of six months after the filing of the claim." Because Plaintiff cannot satisfy the second prerequisite to suit as required by *Ahmed v. United States*, 30 F.3d 514, the undersigned finds there is no jurisdictional basis in this Court. Accordingly, the undersigned recommends granting Defendant's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

IV.  Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant's Motion to Dismiss, ECF No. 38, be GRANTED, for lack of subject-matter jurisdiction.

IT IS SO RECOMMENDED.

November 13, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**