UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Linda B. Nichols, | Civil Action No.: 4:17-cv-01621-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America, | |
| Defendant. | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1] *See* ECF Nos. 44 & 58. The Magistrate Judge recommends granting Defendant's motion to dismiss for lack of subject matter jurisdiction. R & R at p. 9.

### Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff originally filed this personal injury action in state magistrate court against two defendants—a dentist and a dental center—seeking damages she allegedly sustained during a dental procedure. *See* ECF No. 1. The United States of America removed the action to this Court, and after Plaintiff amended her complaint to name the United States as an additional defendant, the United States filed a motion to be substituted as the sole defendant pursuant to the Federal Tort Claims Act ("FTCA")[3] and a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) and (6). *See* ECF Nos. 1, 18, 32, & 38. The Magistrate Judge entered an R & R (1) granting the United States' motion for substitution as unopposed[4] and (2) recommending that the Court grant the United States' motion to dismiss for lack of subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies before filing this action. *See* ECF No. 44. Plaintiff has now filed objections to the R & R as well as a "Complaint for Damages" dated May 4, 2018. *See* ECF Nos. 58 & 60.[5] Defendant has not

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] *See* 28 U.S.C. § 2679.

[4] In her objections, Plaintiff states she does not object to the substitution of the United States as the sole defendant. *See* ECF No. 58 at p. 2.

[5] Previously, the Court issued an order adopting the R & R after not receiving objections from Plaintiff. *See* ECF No. 47. However, the Court granted Plaintiff's motion to reconsider (in which she claimed her neighbor had received the envelope containing the R & R), vacated its order adopting the R & R, and allowed Plaintiff to file her

2

responded to Plaintiff's objections.

The Court agrees with the Magistrate Judge that Plaintiff filed this action prematurely. A plaintiff suing the United States for a tort claim must file an administrative claim with the appropriate federal agency within two years of its accrual and must commence a civil action within six months after the agency's final denial of the claim. *See* 28 U.S.C. § 2401(b). The FTCA specifies a plaintiff cannot institute a personal injury action against the United States unless she has first presented the claim to the appropriate federal agency and the agency has finally denied the claim in writing. *See id.* § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Here, Plaintiff allegedly suffered her injuries during an **April 3, 2017** dental appointment, and she immediately filed this action in state magistrate court the next month, **May 2017**, without first filing an administrative claim. *Cf. Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) ("The FTCA clearly provides that, prior to bringing an action against the United States, a claimant 'shall have first presented the claim to the appropriate Federal agency.' 28 U.S.C. § 2675(a)."). During the pendency of this action—specifically, in **September 2017**—Plaintiff filed an administrative claim with the Department of Health and Human Services ("HHS"). The Magistrate Judge entered the R & R in **November 2017** noting Plaintiff had now filed a timely administrative claim but had neither received a final denial of her claim nor waited for the expiration of six months after the filing of the claim. *See* R & R at p. 9 (citing *Ahmed v. United States*, 30 F.3d 514, 518 (4th Cir. 1994)).

---

objections. *See* ECF No. 54.

In her objections, which she filed in May 2018,[6] Plaintiff claims that more than six months have passed since she filed her administrative claim with HHS, that HHS "has failed to make a final disposition" of the claim, and that HHS's failure to do so can "be deemed a final denial of the claim." *See* ECF No. 58 at p. 6. Plaintiff appears to be referring to the language in the FTCA that provides, "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). However, as this Court has previously ruled, "[f]ailure to completely exhaust administrative remedies before filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed." *Smith v. Meeks*, No.4:17-cv-00043-RBH-TER, 2017 WL 9288198, at *4 (D.S.C. June 16, 2017) (citing *McNeil*, *supra*), *adopted as modified*, 2017 WL 3262182 (D.S.C. Aug. 1, 2017); *see also Messino v. McBride*, 174 F. Supp. 2d 397, 399 (D. Md. 2001) (same). In other words, Plaintiff still must commence a new action to pursue her claims under the FTCA. The Court lacks subject matter jurisdiction over *the instant* action and therefore must dismiss it.

**However**, as indicated above, Plaintiff filed an administrative claim in September 2017, and she also filed a "Complaint for Damages" on May 4, 2018, in conjunction with her objections. *See* ECF No. 60. For administrative and docketing purposes, the current case (No. 4:17-cv-01621-RBH) needs to be dismissed without prejudice, and a new case with the "Complaint for Damages" needs to be opened and referred to the Magistrate Judge for pretrial handling. Accordingly, the Court will direct the Clerk to open a new action with a separate filing number and to docket Plaintiff's "Complaint for

---

[6] As indicated in Footnote 5 above, Plaintiff filed her objections in May 2018 after the Court vacated its prior order and allowed her to file objections.

Damages" in that new case. Plaintiff may pursue her claims in that new action.

## Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 44]. Accordingly, the Court **GRANTS** the United States' motion to dismiss [ECF No. 38] and **DISMISSES** this action *without prejudice*. **The Court DIRECTS the Clerk to open a new action with a separate filing number and to docket Plaintiff's "Complaint for Damages" (ECF No. 60) in that new case. The filing date of that new action should be May 4, 2018 (the date the Complaint for Damages was filed).**

**IT IS SO ORDERED.**

Florence, South Carolina  
July 6, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge